ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
UNITED STATES OF AMERICA
   -v-

Robertino Vasquez,
        Defendant.
-----------------------------------------------x

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CASE NUMBER: CR-03-1120(S-3)-3(FB)
CHARLES HOCHBAUM, ESQ.
44 COURT STREET, SUITE 307
BROOKLYN, NY 11201
Defendant's Attorney & Address

THE DEFENDANT: Robertino Vasquez

__XX__ was found guilty on counts ONE, TWO, THREE, FOUR AND SIX OF THE SUPERSEDING INDICTMENT.

Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| T. 18 U.S.C 371 | CONSPIRACY TO COMMIT BANK ROBBERY | 1(S-3) |
| T. 18 U.S.C. 2113 | BANK ROBBERY | 2(S-3) |
| T. 18 U.S.C. 924(c)(1)(A) | UNLAWFUL USE OF A FIREARM | 3(S-3) |
| T. 18 U.S.C. 922(g)(1) | CONVICTED FELON IN POSSESSION OF A FIREARM | 4(S-3) |
| T. 18 U.S.C. 1512(b)(1) | WITNESS TAMPERING | 6 (S-3) |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__XX__ All open counts are dismissed on the motion of the United States.

__XX__ It is ordered that the defendant shall pay to the United States a special assessment of $ 500.00 which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec # 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

Defendant's Mailing Address:

JUNE 1, 2005
Date of Imposition of Sentence

THE HONORABLE FREDERIC BLOCK

June 6, 2005
Date

A TRUE COPY ATTEST
Date: 6/7/05
ROBERT C. HEINEMANN
CLERK OF COURT

By: _____
MIKE J. INNELLI
DEPUTY CLERK

Defendant: Robertino Vasquez
Case Number: CR-03-1120(S-3)-3(FB)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>FIFTY-ONE (51) MONTHS ON COUNTS ONE, TWO, FOUR AND SIX OF THE SUPERSEDING INDICTMENT AND EIGHTY-FOUR (84) MONTHS ON COUNT THREE OF THE SUPERSEDING INDICTMENT. THE SENTENCE IMPOSED ON COUNTS ONE, TWO, FOUR AND SIX SHALL RUN CONCURRENTLY TO EACH OTHER AND THE SENTENCE IMPOSED ON COUNT THREE SHALL RUN CONSECUTIVE TO THE SENTENCE IMPOSED ON COUNTS ONE, TWO, FOUR AND SIX FOR A TOTAL OF ONE HUNDRED AND THIRTY-FIVE (135) MONTHS.</u>

___ The Court makes the following recommendations to the Bureau of Prisons:

**XX** The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district,
- ___ at ___ a.m./p.m. on _____.
- ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
- ___ before 2:00 p.m. on _____.
- ___ as notified by the United States Marshal.
- ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

The defendant was delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

Defendant: Robertino Vasquez
Case Number: CR-03-1120(S-3)-3(FB)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>THREE (3) YEARS ON EACH COUNT OF THE SUPERSEDING INDICTMENT. THE TERM OF SUPERVISED RELEASE IMPOSED ON EACH COUNT SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF THREE (3) YEARS WITH THE FOLLOWING SPECIAL CONDITIONS:
(1) THE DEFENDANT SHALL NOT POSSESS ANY KIND OF FIREARMS;
(2) THE DEFENDANT SHALL PARTICIPATE IN A DRUG TREATMENT PROGRAM AS DIRECTED BY THE PROBATION DEPARTMENT. THE TREATMENT MAYBE EITHER OUTPATIENT OR RESIDENTIAL. THE DEFENDANT SHALL CONTRIBUTE TO THE COST OF THE SERVICES RENDERED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED ON THE DEFENDANTS ABILITY TO PAY AND THE AVAILABILITY OF THIRD PARTY PAYMENT. THE DEFENDANT SHALL ABSTAIN FROM ALL ILLEGAL SUBSTANCES AND OR ALCOHOL, AND
(4) THE DEFENDANT SHALL SUBMIT HIS PERSON, RESIDENCE, PLACE OF BUSINESS, VEHICLE, OR ANY OTHER PREMISES UNDER HIS CONTROL TO A SEARCH ON THE BASIS THAT THE PROBATION OFFICER HAS REASONABLE BELIEF THAT CONTRABAND OR EVIDENCE OF A VIOLATION OF THE CONDITION OF THE RELEASE MAY BE FOUND; THE SEARCH MUST ALSO BE CONDUCTED IN A REASONABLE MANNER AND AT A REASONABLE TIME; FAILURE TO SUBMIT TO A SEARCH MAY BE GROUNDS FOR REVOCATION; THE DEFENDANT SHALL INFORM ANY OTHER RESIDENTS THAT THE PREMISES MAY BE SUBJECT TO SEARCH PURSUANT TO THIS CONDITION.</u>

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

_ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: Robertino Vasquez
Case Number: CR-03-1120(S-3)-3(FB)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.